**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALFREDO TREJO-BENJARANO, | No. 07-72096 |
| Petitioner, | Agency No. A098-117-610 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Luis Alfredo Trejo-Benjarano, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order summarily

affirming an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JK/Research

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that the harassment and threats Trejo-Benjarano received at the hands of the gang members in El Salvador who stole soda bottles from his company vehicle in one incident, and followed him home and broke all of his windows in another incident, did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). Further, because there is no evidence the gang members were motivated by any protected ground, substantial evidence supports the IJ's denial of Trejo-Benjarano's asylum and withholding of removal claims. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Substantial evidence supports the IJ's conclusion that Trejo-Benjarano is ineligible for CAT relief, because he failed to establish that it is more likely than not that he would be tortured if he returned to El Salvador. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

Trejo-Benjarano's contention that the BIA violated his due process rights by issuing a streamlined decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**